UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTHA LEE FRAZIER SHERMAN,

               Plaintiff,                   Civil Number 05-10064-BC
v.                                          Honorable Thomas L. Ludington
                                                Magistrate Judge Charles E. Binder

EDWARD PAUL JONES, BARNES
AND NOBLE BOOKSELLERS,
INCORPORATED, HARPER COLLINS
PUBLISHERS, and VIRGILA FRAZIER
MASON,

               Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, DISMISSING CASE WITH PREJUDICE,
AND DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

      This matter is before the Court on the plaintiff's objections to the report issued by Magistrate Judge Charles E. Binder on January 25, 2006, recommending that the Court grant the defendants' motion for summary judgment.  The gist of the plaintiff's complaint, filed *pro se*, is that the defendants violated a copyright she holds to the *Elder Day's Book* because defendant Edward Paul Jones, in writing his acclaimed work *The Known World*, plagiarized material from her book. *See* 17 U.S.C. § 106.  As proof of her claim, both in her response to the defendants' motion for summary judgment and in her objections, the plaintiff provides a lengthy list of names, themes, objects, characters, and phrases the two books share. The plaintiff also believes that the magistrate judge failed to appreciate that she and defendants Jones and Virgilia Mason are first cousins.

      The Court has considered the plaintiff's objections to the report and recommendation and conducted a *de novo* review of the record in light of those objections and the parties' submissions. The Court now concludes that the magistrate judge correctly set forth the facts, applicable law, and

properly applied the law to those facts. The Court, therefore, will adopt the report and recommendation, grant the defendants' motion for summary judgment, and dismiss the complaint with prejudice.

As the magistrate judge points out, the primary flaw with the plaintiff's case is that the two works are neither strikingly similar nor substantially similar. *See Kohus v. Mariol*, 328 F.3d 848, 854 (6th Cir. 2003) (stating that when a plaintiff lacks direct evidence of copying, an inference of copying may be established by "showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue") (internal citations and quotation marks omitted). The similar references to which the plaintiff points, by way of illustration, include use of the following words:

> Almhouse, Army, Ax, Banjos, Bloodhounds, Bumble Bees, Buttermilk, Calves, Candles, Chests, Chickens, Colors, Communities, Companies, Cornfields, Crickets, Crops, Daylight, Deaths, Deer, Deserts, Dinner, Eggs, Elephants, Emblems, Evenings, Families, Firewood, Fish, Flags, Flares, Floods, Gardens, Garments, Gates, Giraffes, Groans, Grounds, Grownups, Hammers, Handles, Harbors, Hatch, Hawks, Hills, Hoes, Horses, Indians, Ivy, Jack-o-Lanterns, Kitten, Knives, Laces, Ladders, Lard, Lemonade, Loaves, Locks, Maids, Medicines, Members, Ministers, Moss, Muffins, Mules, Necklaces, Nightgowns, Oasis, Objects, Officers, Oil, Oranges, Paint, Palaces, Pancakes, Passengers, Pastures, Peanuts, Peanut Butter, Pebbles, Peninsula, Photograph, Plates, Playgrounds, Plums, Pockets, Prisons, Prizes, Quail, Quarrel, Radishes, Roofs, Rubbers, Ruffles, Rugs, Rye, Sailcloth, School, Scooter, Scrapbook, Screwdriver, Seashore, Sheriff, Settlements, Shingles, Skeletons, Sleeves, Stockings, Squashes, Staircase, Statues, Stones, Strap, Stumps, Sugar, String Beans, Sweaters, Sweet Potatoes, Turkeys, Turnips, Walnuts, Wasps, Woodpeckers, Wreaths, Yardstick.

R & R at 8 (quoting Def.s' Mot. Summ. J. Ex. F). Further, more thematic comparisons between the two works encompassed:

| **THE KNOWN WORLD** | **THE ELDERS DAY BOOK** |
|---|---|
| You free or slave (page 81) | The captain asked me was I a |

| | free man (page 118) |
|---|---|
| All was quiet (page 59) | Everybody was silent (pages 116) |
| On Sundays a free man came over and held church services for the slaves (pages 82 & 83) | On Sundays we gather at the church cabin we have prayer gathering (page 96) |
| One of his slaves had fun away (page 93) | Nathan ran away with big Josephine (page 72) |

*Ibid.* (quoting Pl.'s Resp. Br., Unnumbered Exs).

The Court finds that further explication of the matter would be unnecessarily duplicative. The magistrate judge was correct in his conclusion that the works are "substantially dissimilar in their use of language, diction, setting, format and thematic development. In spite of her diligent efforts, Plaintiff's lengthy lists show little more than that both works were written in the English language and deal with slavery in the southern United States." R & R at 10; *see also Alexander v. Haley*, 460 F. Supp. 40, 46 (S.D.N.Y. 1978) (reasoning that "[w]ords and metaphors are not subject to copyright protection; nor are phrases and expressions conveying an idea that can only be, or is typically, expressed in a limited number of stereotyped fashions"). Although the plaintiff's suggestion that the magistrate judge failed to appreciate the relationship between the plaintiff, defendant Jones, and defendant Mason might give rise to an inference of access to the plaintiff's protected work if believed, the plaintiff ultimately fails on her claim of substantial similarity. The magistrate judge, therefore, reached the appropriate result.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 30] is **ADOPTED**, the defendants' motion for summary judgment [dkt # 22] is **GRANTED**, and the case is **DISMISSED** with prejudice.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 38] is **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 28, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---